

FILED
NOV - 9 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJ

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | ) | Case No. 06-23673-C-7 |
|---|---|---|
| CESAR FRANCISCO LAXA, | ) | DC Nos. WGM-1 |
| | ) | WGM-2 |
| Debtor(s). | ) | |

**MEMORANDUM DECISION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This memorandum decision is not intended for publication and supplements findings of fact and conclusions of law stated orally on the record pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rule of Bankruptcy Procedure 7052.

Deutsche Bank National Trust Company filed two motions for relief from automatic stay, WGM-1 and WGM-2, on October 13, 2006, in this bankruptcy case, which was filed September 18, 2006, and set the matters for hearing on October 31, 2006. The first meeting of creditors was scheduled for October 27, 2006. The debtor filed a statement of intention to surrender the property.

The debtor's opinion regarding the value of the real property in question was that it was worth $390,000, as stated on the schedules. The movant contends the value of the property is $395,000. The movant is owed $321,185.28 on a first deed of trust and is owed $82,573.91 on a second deed of trust. Movant

requests awards of attorney's fees and costs of $675 with respect to each of the motions, WGM-1 and WGM-2.

There was no necessity for two motions because when this court vacates the automatic stay with respect to a creditor, it routinely vacates the stay with respect to all junior creditors. Thus, in the order granting relief from the automatic stay in Motion No. WGM-1, the court is revising the language to provide that with respect to the subject property the automatic stay is terminated and that any party in interest may proceed with and consummate its foreclosure proceedings in all respects, and/or fully enforce all of its rights under its Note and Deed of Trust and take any acts or institute and complete any proceedings necessary to obtain possession of the above real property under applicable nonbankruptcy law.

As to the first deed of trust, the amount owed to Deutsche Bank National Trust Company is not greater than the value of the property and, under 11 U.S.C. § 506(b), is eligible for an award of reasonable fees and costs or charges provided for under an agreement or state statute under which the claim arose.

The key question is what is reasonable. Since the same creditor holds both the first and the second deeds of trust as to which the value of the property is not greater than the amount of the secured claim, any § 506(b) award which would reduce the amount available to the junior mortgagee is not material because of the identity of the movant. There is also a theoretical possibility that the property will sell for more than the total amount of the secured debt. In such event, the award that is requested makes a difference. It is not reasonable for the same

creditor to file multiple relief from stay motions where the debtor has stated it intends to surrender and, where it does not appear there is equity for the trustee, it is not reasonable to file motions for relief from stay without first inquiring into the possibility of a stipulation for relief from stay, which stipulation ordinarily entails less professional expense in preparation and is not subject to the $150 filing fee that is charged for each motion for relief from stay.

In this instance, the court is asked to award a total of $1,350 for the two motions. The $675 requested for the unnecessary duplicate motion is plainly not reasonable. Moreover, motion No. WGM-2 is, as a substantive matter, not eligible for an award under § 506(b) because the amount owed is greater than the value of the property.

As to motion No. WGM-1, the $150 filing fee is not reasonable because there is no showing that a motion was reasonably necessary. In addition, because of the lack of any effort to obtain a stipulation from the debtor and the trustee regarding relief from the automatic stay in order to minimize the expense of obtaining relief from stay, the reasonable fees are deemed to be a total of $250 pursuant to § 506(b).

An appropriate order will issue.

Dated: November 8, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Paul R. Bartleson
1007 7th St #319
Sacramento, CA 95814

Prem N. Dhawan
PO Box 965
Benicia, CA 94510

William G. Malcolm
Malcolm Cisneros
2002 Business Center Drive, 2nd Floor
Irvine, CA 92612

U.S. Trustee
501 I St #7.500
Sacramento CA 95814

Dated: 11·13·06

_Danette Luff_
DEPUTY CLERK

- 4 -